UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRED HARBISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:13-CV-1138 SPM |
| | ) |
| RICH GULLET AND SONS, INC., et al, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the Court's own request for briefing on the question of subject matter jurisdiction. In response to the request, Plaintiff Fred Harbison ("Plaintiff") filed a motion to dismiss Plaintiff's claim against Defendant McDonough-Whitlow ("McDonough"); to dismiss and/or sever Defendant Rich Gullet & Sons, Inc.'s ("Rich Gullet's") cross-claim against McDonough; and to dismiss and/or sever McDonough's third-party claims against McCann Concrete Products, Inc. ("McCann"), McGrath and Associates ("McGrath"), and Ameren UE ("Ameren"). (Doc. 93). For the reasons stated below, Plaintiff's motion will be granted in part and denied in part.

### I. PROCEDURAL HISTORY

On June 14, 2013, Plaintiff, a citizen of the State of Illinois, filed a complaint in this Court against Rich Gullet, a citizen of the State of Missouri, alleging that Rich Gullet's negligence during the unloading of a piece of concrete vault caused Plaintiff injury when the piece of concrete vault fell on Plaintiff's truck. In his First Amended Complaint, Plaintiff added a claim against McDonough, a citizen of Illinois, alleging that McDonough's negligent design of

1

engineering drawings and instructions had also caused Plaintiff's injuries. (Doc. 22).[1] Rich Gullet and McDonough subsequently filed cross-claims against one another for contribution and indemnity. (Docs. 25, 35). McDonough also filed third-party claims seeking contribution and/or indemnity against McCann (a citizen of Illinois), McGrath (a citizen of Missouri), and Ameren UE (a citizen of Missouri). (Doc. 35). Thereafter, Plaintiff filed a Second Amended Complaint adding direct claims against McGrath. (Doc. 54).[2]

At no time during the filing or answering of these amended complaints, cross-claims, and third-party claims did the parties or the Court address the possible impact of the addition of these parties (in particular, the addition of McDonough as a defendant not diverse to Plaintiff) on the Court's subject matter jurisdiction. At a Rule 16 conference on September 24, 2014, the Court raised the issue and requested briefing on the question of the Court's subject matter jurisdiction. Rich Gullet and McDonough filed memoranda with the Court, and Plaintiff filed the instant motion to dismiss its claims against McDonough.

## II. DISCUSSION

### A. This Court's Subject Matter Jurisdiction and Plaintiff's Claims Against McDonough

"Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Marine Equip. Mgm't Co. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). "Jurisdiction may not be conferred by consent and lack of jurisdiction of the subject matter cannot be waived by the

---

[1] Plaintiff represents in his brief that the First Amended Complaint was filed "by leave of court." (Doc. 93, at 2). However, Plaintiff never filed any motion seeking leave to amend his complaint or add additional parties; he simply filed his amended complaint. The Second Amended Case Management Order that was in effect at the time stated, "All motions for joinder of additional parties or amendment of pleadings shall be filed no later than March 31, 2014." (Doc. 21).
[2] Again, Plaintiff did not seek leave before filing his Second Amended Complaint.

2

parties or ignored by the court." *Pac. Nat'l Ins. Co. v. Transp. Ins. Co.*, 341 F.2d 514, 516 (8th Cir. 1965). Thus, a federal court must assure itself that the threshold requirement of subject matter jurisdiction has been met in every case. *Bradley v. American Postal Workers Union, AFL-CIO*, 962 F.2d 800, 802 n.3 (8th Cir. 1992).

The only asserted basis for federal subject matter jurisdiction in this case is the diversity jurisdiction statute, 28 U.S.C. § 1332(a), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between—(1) citizens of different states . . ." Section 1332(a) applies only when "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

Here, the requirements of the diversity statute were satisfied when the original complaint was filed, because Plaintiff and Rich Gullet are citizens of different states and because the complaint indicated that the amount in controversy exceeded $75,000. As a general rule, a federal court's jurisdiction attaches when an action is filed, and subsequent developments ordinarily will not divest the court of jurisdiction. *See Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). However, the Supreme Court has explained that "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l. Corp v. United States*, 549 U.S. 457, 473-74 (2007).

As Plaintiff, Rich Gullet, and McDonough all acknowledge, Plaintiff's amendment of his complaint to include a claim against McDonough destroyed diversity and thus divested the Court of subject matter jurisdiction in this case. *See Owen Equip. & Erection Co. v. Kroger,* 437 U.S.

3

365, 374-75 (1978) (holding that when the plaintiff amended its complaint to add a non-diverse defendant, "complete diversity was destroyed just as surely as if [the plaintiff] had sued [the non-diverse defendant] in the first instance"); *Estate of Alvarez v. Donaldson Co.,* 213 F.3d 993, 994-95 (7th Cir. 2000) (holding that the plaintiff's amendment of complaint to add non-diverse defendants destroyed diversity jurisdiction); *American Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP.,* 362 F.3d 136, 141-42 (1st Cir. 2004) (same); *Martinez v. Duke Energy Corp.,* 130 F. App'x. 629, 635 (4th Cir. 2005) (same).

In the instant motion to dismiss, Plaintiff states that he mistakenly believed that his joinder of McDonough would not destroy subject matter jurisdiction, and he asks the Court to dismiss his claim against McDonough in order to preserve this court's subject matter jurisdiction. Similarly, Defendant Rich Gullet suggests that the Court deny Plaintiff's motions for leave to amend his complaint to add McDonough as a defendant,[3] thereby rendering the original complaint in effect and preserving this Court's subject matter jurisdiction. McDonough requests that the case be dismissed due to the lack of diversity jurisdiction but does not address the possibility that Plaintiff may dismiss his direct claims against McDonough.

It is well established that a jurisdictional defect may be cured by dismissal of a party whose presence destroys diversity jurisdiction, provided that the party being dismissed is not an indispensable party under Rule 19. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) ("It is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered."); *Buckley v. Control Data Corp.*, 923 F.2d 96, 97-98 (8th Cir. 1991) (noting that a court of appeals may grant a motion to dismiss a dispensable party whose presence spoils diversity jurisdiction but refusing to dismiss a claim against an indispensable party); *Johnson v.*

---

[3] As discussed above, however, no such motions were ever filed.

*Welsh Equip., Inc.*, 518 F. Supp. 2d 1080, 1085-86 (D. Minn. 2007) (dismissing claims brought in an amended complaint against nondiverse parties; noting that as joint tortfeasors, the nondiverse defendants were permissive and not indispensable parties). Dismissal of nondiverse parties is typically accomplished through Rule 21, which provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action on such terms as are just." Fed. R. Civ. P. 21. Alternatively, the Eighth Circuit has recognized that "when a trial court grants a plaintiff leave to amend the complaint by naming additional defendants, and the plaintiff fails to inform the court that one or more of those defendants will destroy diversity, the trial court may reconsider its earlier decision." *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 307 (8th Cir. 2009).

To determine whether a party is indispensable, the court must first determine whether the party is one who is "required to be joined if feasible" under Rule 19(a); this is sometimes referred to as the question of whether the party is "necessary." *See id.* at 308. Rule 19(a) requires a party to be joined if feasible "if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a). If the party is required to be joined if feasible but cannot be joined, the Court then turns to Rule 19(b) to determine whether the party is indispensable, which requires an assessment of "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Rule 19(b); *see also Bailey*, 563 F.3d at 308. To make this determination, the court considers factors that include "(1)

the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder."

Here, none of the parties argue that McDonough is a "necessary" party who must be joined if feasible under Rule 19(a), nor does the Court so find. It is well established that, as a general rule, "it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Bailey*, 563 F.3d at 308; *Lustgraaf v. Behrens*, 619 F.3d 867, 885 (8th Cir. 2010) (same). No party suggests that the dismissal of Plaintiff's claims against McDonough would preclude the court from according complete relief, would impede any party's ability to protect its interests, or would expose any party to a risk of multiple or inconsistent judgments.

Moreover, even if McDonough were a "necessary" party, the Court finds that it is not an indispensable party under Rule 19(b) whose absence as a defendant would warrant dismissal of the case. No party has asserted that it will suffer any prejudice from the dismissal of Plaintiff's direct claims against McDonough. Notably, as discussed below, the parties in this case *other than Plaintiff* may still assert third-party claims against McDonough. It appears that the only party who might possibly be prejudiced as a result of the dismissal of Plaintiff's claims against McDonough is Plaintiff himself, who may be unable to recover from McDonough directly in this action if Plaintiff's claims against McDonough are dismissed. However, as the party requesting the dismissal of the claim, Plaintiff apparently believes that the possible prejudice to him does not outweigh his desire to remain in federal court.

Under these circumstances, the Court finds that McDonough is a dispensable party, and it will grant Plaintiff's motion to dismiss its claims against McDonough from its Amended Complaints, thereby restoring this Court's subject matter jurisdiction over the action.[4]

### B. Defendant Rich Gullet's Claim Against McDonough

Rich Gullet requests that if the Court dismisses Plaintiff's claim against McDonough, Rich Gullet's current "cross-claim" against McDonough be considered instead to be a third-party claim. Plaintiff opposes this request and moves that the Court dismiss and/or sever this claim.

Under Rule 14(a)(1), "[a] defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Defendant Rich Gullet's claim against McDonough is for contribution and asserts that McDonough "is or may be liable to [Defendant Rich Gullet] for all or part of a claim asserted by Plaintiff against [Defendant Rich Gullet] . . ." Thus, Defendant Rich Gullet's claim against McDonough could have been brought as third-party complaint under the Federal Rules of Civil Procedure, and the Court will treat this claim as a third-party claim rather than a cross-claim.

---

[4] The Court could reach the same result by reconsidering the question of whether Plaintiff should ever have been permitted to file its First Amended Complaint adding McDonough as a defendant. *See Bailey*, 563 F.3d at 307 (holding that where "the district court granted [the plaintiff's] motion to amend his complaint and permitted [the plaintiff] to name two additional defendants without the court realizing such joinder destroyed the court's diversity jurisdiction," the court "had discretionary authority to reconsider and reverse its previous joinder decision"). However in light of all of the pleadings that have been filed since Plaintiff's original Complaint, the Court finds that it would be more efficient and less confusing to simply dismiss Plaintiff's claims against McDonough. This has the substantially same effect as denying Plaintiff leave to amend his complaint to add a claim against McDonough while granting Plaintiff leave to amend his complaint to add a claim against McGrath and to add the various other factual allegations contained in the Second Amended Complaint.

The Court must also determine whether this Court has subject matter jurisdiction over Rich Gullet's third-party claim against McDonough. That question is governed by the supplemental jurisdiction provisions of 28 U.S.C. § 1367, which provide, in relevant part:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
>
> (b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14 . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

It is undisputed that Rich Gullet's third-party claim against McDonough forms part of the same case or controversy as Plaintiff's original claim against Rich Gullet. Thus, this Court has supplemental jurisdiction over the claim unless the exception of § 1367(b) applies. The Court finds that it does not. First, Rich Gullet and McDonough are citizens of different states, so exercising jurisdiction over this claim would not be inconsistent with the jurisdictional requirements of section 1332. Second, regardless of the citizenship of Rich Gullet and McDonough, § 1367(b) applies by its terms only to "claims by plaintiffs," and courts have repeatedly held that it does not apply to claims made by defendants. *See Ubben v. Saunder Woodworking Co.*, No. C05-3043-PAZ, 2006 WL 1285104, at *2 (N.D. Iowa May 10, 2006) (holding that the defendant's third-party claim against a party not diverse to the original plaintiff did not destroy diversity jurisdiction; noting that "section 1367(b) is designed to prevent *plaintiffs* from asserting claims they otherwise would not be able to bring for want of subject

8

matter jurisdiction"); *State Nat'l Ins.Co. v. Yates*, 391 F.3d 577, 580 (5th Cir. 2004) (holding that the court had jurisdiction over a defendant's claims against a third-party defendant not diverse to the original defendant; stating, "'plaintiff' in § 1367(b) refers to the original plaintiff in the action—not to a defendant that happens also to be a counter-plaintiff, cross-plaintiff, or third-party-plaintiff"); *Grimes v. Mazda N. Am. Operations*, 355 F.3d 566, 572 (6th Cir. 2004) ("The supplemental jurisdiction provision, 28 U.S.C. § 1367(b), states congressional intent to prevent original plaintiffs—but not defendants or third parties—from circumventing the requirements of diversity."). Thus, the Court concludes that it has supplemental jurisdiction over Rich Gullet's third-party claims against McDonough.

Next, the Court must address Plaintiff's motion to dismiss and/or sever Defendant's third-party claim against McDonough. Under Rule 14(a)(4), "Any party may move to strike [a] third party claim, to sever it, or to try it separately." The Advisory Committee Notes to the 1963 Amendment state, "the court has the discretion to strike the third-party claim if it is obviously unmeritorious and can only delay or prejudice the disposition of the plaintiff's claim, or to sever the third-party claim or accord it separate trial if confusion or prejudice would otherwise result."

Plaintiff provides no authority or argument in support of his motion to dismiss Rich Gullet's third-party claim against McDonough, and the third-party claim is not "obviously unmeritorious," so the motion to dismiss will be denied.

Plaintiff argues that the third-party claim should be severed and left to a separate trial because it "complicates the present litigation and prejudices plaintiff." He claims that the prejudice "includes: detraction from plaintiff's theory of liability, multiplicity of claims, multiple instruction submissions, and confounding evidence." (Doc. 100, at 3). Plaintiff provides no additional argument and cites no cases in which a court granted a motion to sever. In its

opposition, Rich Gullet argues that Plaintiff has failed to show any real prejudice from trying the claims together and contends that trying the claims separately would result in a greater likelihood of jury confusion and an unnecessary expenditure of judicial resources.

The Court agrees with Rich Gullet. Plaintiff's claims against Rich Gullet and Rich Gullet's claims against McDonough both arise out of the same occurrence: the lifting of the concrete vault and the dropping of the vault on Plaintiff's truck. The jury will be in the best position to evaluate the possible of the various parties involved if it hears all of the relevant evidence. Moreover, the Court sees no reason to require the expenditure of judicial resources necessary to have two separate juries evaluate these claims. Although the Court acknowledges that the inclusion of an additional claim would "complicate" the present litigation, that is something that would be true of almost any third-party claim and is not a sufficient reason to grant a motion to sever.

For the above reasons, Plaintiff's motion to dismiss or sever Rich Gullet's claims against McDonough will be denied.

### C. McDonough's Claims Against Defendants McCann, McGrath, and Ameren

McDonough has filed third-party claims against McCann, McGrath, and Ameren. As a preliminary matter, the Court finds that it has supplemental jurisdiction over these claims under 28 U.S.C. § 1367. These claims for contribution and/or indemnity clearly form part of the same case or controversy as Plaintiff's claim against Rich Gullet. Plaintiff argues that no jurisdiction exists over McDonough's claim against McCann because McDonough and McCann are both citizens of Illinois. However, as discussed above, the exception to supplemental jurisdiction described in § 1367(b) for claims that do not satisfy the requirements of § 1332 applies only to claims brought by "plaintiffs," and not to claims brought by other parties such as McDonough.

*See State Nat'l Ins. Co. v. Yates*, 391 F.3d 577, 580 (5th Cir. 2004) (holding that the court had supplemental jurisdiction over a defendant's claims against a third-party defendant where the defendant and third-party defendant were citizens of the same state); *Grimes v. Mazda N. Am. Operations*, 355 F.3d 566 (6th Cir. 2004). Thus, the Court will deny Plaintiff's motion to dismiss McDonough's claim against McCann on this ground.

Plaintiff also asks the Court to dismiss McDonough's third-party claim against McCann because the Missouri Workmen's Compensation Law releases defendant McCann from liability. However, Plaintiff has not fully briefed this argument (it is mentioned only in two sentences of Plaintiff's brief) and neither McDonough nor McCann have had the opportunity to address it. The Court will deny the motion to dismiss the claim against McCann on this ground at this time. Presumably, if McCann believes that the claims against it are barred under Missouri law, McCann will move to dismiss those claims.

Finally, Plaintiff requests that the Court sever these third-party claims on the ground that they complicate the present litigation and prejudice Plaintiff. However, as with Plaintiff's motion to sever Rich Gullet's third-party claim, Plaintiff offers the Court no explanation of how it would be prejudiced by the inclusion of these claims in this action and offers the Court no persuasive reason to exercise its discretion to sever the claims. As with Rich Gullet's third-party claim, the Court finds that the interests of clarity for the jury and judicial economy favor including all of these claims in a single action.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to dismiss Plaintiff's claim against Defendant McDonough-Whitlow, P.C., dismiss and/or sever Defendant Rich Gullet and Sons, Inc.'s cross-claim against McDonough-Whitlow, P.C., and dismiss and/or sever McDonough-

Whitlow, P.C.'s third-party claims against McCann Concrete Products, Inc., McGrath and Associates, and Ameren UE (Doc. 93) is **GRANTED IN PART and DENIED IN PART**. The motion to dismiss Plaintiff's claim against Defendant McDonough-Whitlow, P.C. is **GRANTED**; the motion to dismiss and/or sever Defendant Rich Gullet and Sons, Inc.'s cross claim against McDonough is **DENIED**; and the motion to dismiss and/or sever McDonough's third party claims against McCann Concrete Products, Inc., McGrath and Associates, and Ameren UE is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's claim against Defendant McDonough-Whitlow, P.C., is **DISMISSED**.

**IT IS FURTHER ORDERED** that Rich Gullet and Sons, Inc.'s request that its cross-claim against McDonough-Whitlow be treated as a third-party claim (Doc. 87) is **GRANTED**.

Dated:   October 29, 2014.

/s/ Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE