UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| FRED HARBISON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | No. 4:13-CV-1138-SPM |
| RICH GULLET AND SONS, INC., et al, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the Court on two motions filed by Defendant/Counterclaim Defendant McDonough-Whitlow, P.C. ("McDonough") requesting that the Court dismiss indemnity counterclaims and cross-claims against McDonough brought by Defendant/Counterclaimant McGrath & Associates, Inc. ("McGrath") and Defendant Rich Gullet and Sons, Inc. ("Rich Gullet"). (Docs. 124, 125). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 9).

### I. BACKGROUND[1]

On October 20, 2011, Plaintiff Fred Harbison ("Plaintiff") was delivering a heavy piece of concrete vault for a construction project at a job site when the concrete vault section fell on his truck during the unloading process, causing him injury. Plaintiff asserted claims of negligence against Rich Gullet, the company responsible for unloading the concrete vault section, and McDonough, the company that produced engineering drawings and instructions for use in lifting the vault.

Rich Gullet then brought cross-claims for indemnity and contribution against McDonough (Doc. 25), which Rich Gullet later amended. (Doc. 115).[2] McDonough brought a

---
[1] The Court relates only the background facts most relevant to this motion.

1

third-party complaint for contribution against McGrath, the general contractor that contracted with the owner of the job site to provide labor and equipment for the construction project. (Doc. 35, 109). McGrath then brought a counterclaim for contribution and indemnity against McDonough. (Doc. 119).

In the instant motions, McDonough seeks to dismiss (1) McGrath's counterclaim for indemnity and (2) Rich Gullet's cross-claims for indemnity.

## II. DISCUSSION

### A. Legal Standard for Motion to Dismiss

When ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all of the factual allegations in the complaint, though it need not accept the legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint must contain "more than labels and conclusions," and "a formulaic recitation of the elements of the cause of action will not do." *Twombly*, 550 U.S. at 555.

---

[2] Although Rich Gullet's pleading against McDonough is styled as a cross-claim, due to a realignment of the parties after Rich Gullet's cross-claim was filed, Rich Gullet's pleading is technically a Third Party Complaint. However, for the sake of simplicity, this order refers to Rich Gullet's pleading as a cross-claim.

### B. McGrath's Indemnity Counterclaim

McGrath alleges a single "Claim for Contribution" against McDonough. McGrath alleges that McDonough was negligent in various ways in providing engineering services regarding the construction project, and that McDonough is or may be liable to McGrath for all or part of a claim asserted against McGrath. However, one paragraph of the counterclaim contains a mention of "indemnity": McGrath states, "McGrath denies that it was negligent, and denies any liability to Plaintiff, but if any verdict or judgment is entered against McGrath, then McGrath pleads in the alternative that in the event judgment is entered against it, it may obtain **indemnity** and contribution from McDonough-Whitlow to the extent its negligence, liability and fault caused Plaintiff to sustain any such injury or damages." (Doc. 119, at ¶ 19) (emphasis added).

McDonough argues that McGrath has failed to state a claim for "indemnity," noting that McGrath has failed to allege any of the elements of equitable indemnity and simply improperly comingles a claim for "indemnity" with its claim for contribution. In its response, McGrath states that its claim is one for contribution rather than indemnity, that any use of the word "indemnity" to characterize its claim may be stricken, and the request for relief should be read as a request for contribution rather than indemnity. (Doc. 134, ¶ 4).

Because the parties agree that McGrath's counterclaim against McDonough is for contribution only, and not for indemnity, the Court will strike the word "indemnity" from Paragraph 19 of Document 119. *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter . . . on its own."). McDonough's motion to dismiss or for a more definite statement regarding McGrath's counterclaim will therefore be denied as moot.

### C. Rich Gullet's Indemnity Cross-Claims

In its Amended Cross-Claims, Rich Gullet alleges two counts against McDonough that relate to indemnity. (Doc. 115). The Court will address each in turn.

#### 1. *Count I*

In Count I ("Contribution"), Rich Gullet alleges that McDonough was negligent in providing engineering services regarding the construction project and is or may be liable to Rich Gullet for all or part of a claim asserted against Rich Gullet. Much like McGrath's counterclaim for contribution, Count I of Rich Gullet's Amended Cross-Claims contains a single mention of "indemnity": a paragraph stating, "Defendant Rich Gullet and Sons, Inc., denies it was negligent in any way and denies any and all liability to plaintiff, but to the extent this Court finds fault and enters Judgment against Defendant Rich Gullet and Sons, Inc. and in favor of Plaintiff, Defendant Rich Gullet and Sons, Inc., pleads in the alternative that in the event judgment is entered against it and in favor of Plaintiff, that it may obtain **indemnity** and contribution from Defendant McDonough-Whitlow, P.C. to the extent its negligence, liability and fault caused Plaintiff to sustain any such injury or damages." (Doc. 115, ¶ 7) (emphasis added).

McDonough argues that Rich Gullet fails to state a claim for equitable indemnity in Count I because Rich Gullet fails to allege any of the elements of such a claim. In its response, Rich Gullet states that in Count I, it seeks "indemnity" only to the extent of the contribution allowable pursuant to Mo. Rev. Stat. § 537.060. It states that the term "indemnity" in Count I is inconsequential but notes that to the extent McDonough finds it consequential, Rich Gullet consents that it be stricken on the Court's own motion under Rule 12(f).

Because the parties appear to agree that the inclusion of the word "indemnity" in Count I is irrelevant to the claim asserted in Count I and may be stricken, and because its inclusion appears to have led to confusion, the Court will strike the word "indemnity" from Paragraph 7 of Document 115. *See* Fed. R. Civ. P. 12(f). As to Count I of Rich Gullet's Amended Cross-Claims, McDonough's motion to dismiss or for a more definite statement will therefore be denied as moot.

2. *Count II*

In Count II, Rich Gullet asserts a claim of "Common Law Indemnity/Equitable Indemnity" against McDonough. The cross-claim asserts that Plaintiff Fred Harbison has accused Rich Gullet of negligence in unloading the concrete vault which caused his injuries. (Doc. 115, ¶ 2). The cross-claim further asserts that McDonough entered into an agreement for engineering services with McCann Concrete Products, Inc.; and, pursuant to that agreement, McDonough had a duty to exercise ordinary care in providing engineering services regarding the handling, lifting, and movement of the concrete vault. (Doc. 115, ¶¶ 3-5 & 9). The cross-claim asserts that McDonough failed to use ordinary care and was negligent in providing engineering services under the agreement. (Doc. 115, ¶ 6). The cross-claim does not affirmatively say whether Rich Gullet's duties did or did not include provision of any engineering services regarding the handling, lifting, and movement of the concrete vault. Rather, it asserts that "[t]o the extent Rich Gullet & Sons, Inc., [sic] had any contractual obligation to prepare lift plans regarding the subject concrete vault, it discharged such obligation." (Doc. 115, ¶ 17). McDonough argues that Rich Gullet's allegations are insufficient to state a claim for equitable indemnity under *Twombly* and requests that the Court dismiss the claim or, alternatively, order Rich Gullet to provide a more definite statement.

Under Missouri law, indemnity "is the shifting of responsibility from the shoulders of one person to another." *SSM Health Care St. Louis v. Radiologic Imaging Consultants, LLP*, 128 S.W.3d 534, 539 (Mo. Ct. App. 2003). "[W]hen a person, who without any fault on his part is exposed to liability and compelled to pay damages on account of the negligence of another, that person has a right of action against the active tortfeasor on the theory of an implied contract of indemnity." *Id.* at 540. A party asserting a common-law or equitable indemnity claim under Missouri law must show: (1) "the discharge of an obligation by the plaintiff"; (2) that "the obligation discharged by the plaintiff is identical to an obligation owed by the defendant"; and (3) that "the discharge of the obligation by the plaintiff is under such circumstances that the obligation should have been discharged by the defendant, and [the] defendant will be unjustly enriched if the defendant does not reimburse the plaintiff to the extent that the defendant's liability has been discharged." *Beeler v. Martin*, 306 S.W.3d 108, 111 (Mo. Ct. App. 2010). (internal quotation marks omitted).

Here, even when the cross-claim is construed in a light favorable to Rich Gullet, it fails to assert facts sufficient to allow the Court to draw a reasonable inference that Rich Gullet and McDonough owed Harbison identical or coextensive obligations. The cross-claim also fails to assert facts sufficient to allow the Court to draw a reasonable inference that the circumstances are such that McDonough would be unjustly enriched if Rich Gullet becomes obligated to pay Harbison and McDonough is not required to reimburse Rich Gullet. Although Rich Gullet asserts that it discharged an obligation that was "identical and coextensive" to an obligation owed by McDonough, it is not apparent from the cross-claim what that "identical and coextensive" obligation is. Rich Gullet does not allege that it was obligated to prepare lift plans or that it did, in fact, prepare lift plans or provide any other type of engineering service. Rather, even

construing the cross-claim in a light favorable to Rich Gullet, McDonough is the only party alleged to have a duty to provide engineering services regarding the handling, lifting and movement of the concrete vaults. The scant facts provided regarding Rich Gullet's duties suggest only that Rich Gullet was responsible for unloading the concrete vault. The vague assertion that "[t]o the extent Rich Gullet & Sons, Inc., [sic] had any contractual obligation to prepare lift plans regarding the subject concrete vault, it discharged such obligation" is the closest the cross-claim comes to asserting an obligation by Rich Gullet that may be identical or coextensive to obligations owed by McDonough. (Doc. 115, ¶17). However, this assertion is merely a "formulaic recitation of the elements of a cause of action," which is not sufficient. *Twombly*, 550 U.S. at 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

The Court is cognizant that a dearth of fact discovery will often hamper a third party plaintiff's ability to set out specific factual assertions in support of a claim for equitable indemnity early in a case. However, in this instance, the Court finds it difficult to believe that Rich Gullet is unable to answer the question of whether it did or did not share a coextensive obligation with McDonough. This case has been pending for nearly two years, and Rich Gullet has been a named party from case's inception. Rich Gullet first asserted a cross-claim against McDonough over one year ago. To the extent they were not previously known to Rich Gullet, the facts necessary to determine whether Gullet and McDonough shared identical obligations should have been revealed through discovery by now. Notwithstanding the procedural posture of the case, Rich Gullet responded to McDonough's motion to dismiss and alternative motion for more definite statement with a deafening silence on the question of whether any obligation it may have owed to Harbison was identical to or coextensive with obligations owed by McDonough. For all

of these reasons, the Court cannot draw a reasonable inference that Rich Gullet owed an obligation identical to one owed by McDonough.

In addition, and for reasons similar to those set out above, the cross-claim is devoid of facts from which the Court could draw a reasonable inference that McDonough "will be unjustly enriched" if McDonough does not reimburse Rich Gullet. Instead of facts, Rich Gullet's indemnity cross-claim contains merely a "formulaic recitation of the elements of a cause of action," which is not sufficient. *Twombly*, 550 U.S. at 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. at 678. Because the standards of *Twombly* and *Iqbal*, are not satisfied, McDonough's motion to dismiss Count II ("Common Law Indemnity/Equitable Indemnity") will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the word "indemnity" is stricken from Paragraph 19 of McGrath's Counterclaim for Contribution against McDonough (Doc. 119).

**IT IS FURTHER ORDERED** that the word "indemnity" is stricken from Paragraph 7 of Rich Gullet's Amended Cross-Claim against McDonough (Doc. 115).

**IT IS FURTHER ORDERED** that McDonough's motion to dismiss or for a more definite statement regarding McGrath's Counterclaim (Doc. 124) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that McDonough's motion to dismiss or for a more definite statement regarding Rich Gullet's Amended Cross-Claims (Doc. 125) is **GRANTED IN PART** and **DENIED IN PART**. With regard to Count I ("Contribution"), the motion is **DENIED AS MOOT**. With regard to Count II ("Common Law Indemnity/Equitable Indemnity"), the motion is **GRANTED**.

Dated: April 9, 2015.  /s/ Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE